Dore, J.
(dissenting). The buyer, petitioner, had been advised it would have to pay the freight charges in question if it accepted the merchandise, but chose to accept and pay for the freight charges and then sought to recover such payment by means of the arbitration in question.
The arbitration rules of the Association of Food Distributors, Inc., provide that only members are authorized to designate the association as the arbitration agency. The seller, respondent, as a nonmember could not therefore have compelled arbitration. Petitioner’s president is also president of the association. The contract lacks mutuality and the arbitration thus procured was by undue means.
*694 Further, the notice of arbitration signed by the association’s secretary stated merely that petitioner requested the association “to arrange an arbitration between” buyer and seller. That is not proper or adequate notice to a seller in Illinois of the nature of the controversy and the claims to be arbitrated here in New York.
For the reasons stated I dissent and vote to affirm.
Peck, P. J., Glennon and Callahan, JJ., concur with Cohn, J.; Dobs, J., dissents and votes to affirm, in opinion.
Order reversed, with $20 costs and disbursements to the appellant and the motion to confirm the award of the arbitrators granted. Settle order on notice.